■ The People of the State of New York, Respondent, v Allen Albergotti, Appellant. [898 NYS2d 38]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered May 6, 2009, convicting defendant, upon his guilty plea, of forgery in the second degree, and sentencing him, as a second felony offender, to a term of $2^1/_2$ to 5 years, unanimously modified, on the law, to the extent of reducing the mandatory surcharge and crime victim assistance fee from $300 and $25 to $250 and $20, respectively, and otherwise affirmed.

Defendant failed to preserve his claim that his due process rights were violated because the court allegedly failed to conduct an adequate inquiry as to whether he violated the terms of his plea agreement (see People v Barnes, 46 AD3d 375 [2007], lv denied 10 NY3d 808 [2008]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. The sentencing court conducted a sufficient inquiry and properly concluded that two violations of the plea agreement occurred, namely that defendant failed to appear in court for the scheduled sentencing and that he failed to cooperate with the Department of Probation. The court "provided defendant with a reasonable opportunity to present his explanations for the violation[s]" and properly rejected them (People v Villanueva, 65 AD3d 939 [2009], lv denied 13 NY3d 863 [2009]).

We do not agree with defendant's contention that no increase in the promised sentence was warranted even if he did violate one or both conditions. Moreover, the increase the court determined to impose, although not insubstantial, was not so severe as to constitute an abuse of discretion. We perceive no other basis for reducing the sentence. However, as the People

concede, the surcharge and crime victim assistance fee should have been based on the statute in effect at the time of the crime. Concur—Gonzalez, P.J., Tom, Friedman, McGuire and Abdus-Salaam, JJ.