[952 NE2d 1010, 929 NYS2d 18]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN ALBERGOTTI, Appellant.

Argued April 26, 2011; decided June 9, 2011

**APPEARANCES OF COUNSEL**

*Center for Appellate Litigation*, New York City (*Robert S. Dean* of counsel), for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Matthew C. Williams* and *Frank Glaser* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The Appellate Division order should be affirmed.

Defendant pleaded guilty to second-degree forgery in satisfaction of charges related to his use of a forged traveler's check in a retail store. In exchange, defendant was promised a second felony offender sentence of 2 to 4 years—the minimum for a class D felony, provided he return to court, "stay out of trouble," and cooperate with the Department of Probation. If he did not fulfill the conditions, he was warned he could be subject to a prison term of up to 25 years to life as a discretionary persistent felony offender. The court adjourned the case several weeks for sentencing. Probation sent two letters to defendant instructing

him to report for an interview. Defendant neither contacted Probation nor appeared for an interview.

On the day of his scheduled sentencing hearing, defendant came to court in the morning, as required, and conferred with counsel. However, he left without notifying his attorney or the court and failed to answer the calendar call at both the morning and afternoon sessions. The court issued a bench warrant.

At a subsequent hearing, the judge informed defendant that the promised sentence was no longer available because of his failure to comply with the plea terms. Defendant was thereafter sentenced to a term of 2½ to 5 years in prison. On appeal to the Appellate Division, defendant argued, among other things, that the "court's imposition of an enhanced sentence violated due process" because the court "failed to conduct an adequate 'inquiry' to ensure that it was correct in its belief that [he] had violated the conditions of his plea."

The Appellate Division found that this argument was not preserved (*People v Albergotti*, 72 AD3d 401, 401 [1st Dept 2010]) and that, in any event, the court conducted a sufficient inquiry under *People v Outley* (80 NY2d 702, 713 [1993] [holding that when an issue is raised concerning the validity of a postplea charge, "the court must conduct an inquiry at which the defendant has an opportunity to show that the (alleged violation of the plea terms) is without foundation"]) (*id.*).

██ Although defendant did not specifically complain to the court in terms of the inadequacy of the inquiry pursuant to *Outley*, his arguments regarding the alleged sentencing error are readily discernible from the hearing transcript. Accordingly, we find preservation, reach the merits and uphold the Appellate Division's alternative holding that the sentencing court conducted a sufficient inquiry to satisfy our standard in *Outley*. The court was not required to conduct an evidentiary hearing to determine the veracity of defendant's excuses (*see Outley*, 80 NY2d at 712-713). Both defendant and his counsel were given ample opportunity to refute the court's assertions that defendant had violated the plea terms. That the court chose not to credit defendant's account of events is not a ground for reversal.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed in a memorandum.