Mercure, J.E
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered January 19, 2010, convicting defendant upon his plea of guilty of the crimes of attempted burglary in the second degree and vehicular manslaughter in the second degree.
In satisfaction of two superior court informations and other filed charges, defendant pleaded guilty to attempted burglary in the second degree and vehicular manslaughter in the second degree and waived his right to appeal. Although no particular sentence was promised, County Court committed to run any sentences imposed concurrently to one another. Defendant was released to probation supervision prior to sentencing, but was thereafter arrested for criminal contempt. Based on the arrest, County Court stated at sentencing that it was no longer bound by the plea agreement, and proceeded to sentence defendant to consecutive terms of imprisonment. Defendant appeals.
Defendant contends that County Court erred in imposing an enhanced sentence of consecutive prison terms without first affording him an opportunity to withdraw his plea. Although this issue is not precluded by a waiver of the right to appeal, defendant did not properly preserve it by moving to withdraw his plea or vacate the judgment of conviction (see People v Donnelly, 80 AD3d 797, 798 [2011]; People v Armstead, 52 AD3d 966, 967 [2008]). We, nevertheless, exercise our interest of justice jurisdiction under the circumstances and vacate the sentence imposed.
“It is well settled that a sentencing court may not impose a sentence other than the one agreed to as part of the plea agreement unless it informs the defendant, at the time of the plea, of the possibility of an enhanced sentence if he or she fails to meet specific conditions or the defendant is given an opportunity to withdraw his or her plea” (People v Lindsey, 80 AD3d 1005, 1006 [2011] [internal quotation marks and citations omitted]; see People v Fisher, 76 AD3d 1122, 1122 [2010]). Here, a review of the plea minutes establishes that at no time did County Court *1187 give defendant a ParkerlOutley warning that it would not be bound by the agreed-upon sentence if defendant were arrested pending sentencing. Consequently, the court was required to offer defendant an opportunity to withdraw his plea prior to imposing the enhanced sentence (see People v Donnelly, 80 AD3d at 798; People v Gordon, 53 AD3d 793, 794 [2008]). Notwithstanding the off-the-record bench conference which apparently resulted in a modification of the plea agreement at sentencing, there is no indication on the record that defendant was ever afforded an opportunity to withdraw his plea prior to the imposition of the enhanced sentence. That is, although defendant waived his request that County Court review the transcript of the plea proceeding in exchange for immunity from prosecution on uncharged crimes, there is nothing to demonstrate that defendant understood and knowingly waived the right to withdraw his plea in light of the Court’s failure to administer ParkerI Outley warnings. Accordingly, we remit to County Court to either impose the agreed-upon sentence or permit defendant an opportunity to withdraw his plea (see People v Lindsey, 80 AD3d at 1006; People v McDermott, 68 AD3d 1453, 1454 [2009]). In view of the foregoing, defendant’s remaining challenge is academic.
Rose, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed; matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.