THIRD DEPARTMENT, JULY, 2014

(July 3, 2014)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND LYMAN, Appellant. [988 NYS2d 717]—

Clark, J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered June 25, 2012, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree.

In satisfaction of a five-count indictment, defendant pleaded guilty to grand larceny in the fourth degree, admitting that he stole a rifle from his father's home that he knew belonged to another person. During the plea colloquy, defendant also waived his right to appeal on the record, both verbally and in writing. He was promised a sentence of time served with five years of probation if he successfully completed substance abuse treatment, continued to test negative for prohibited substances, and followed all conditions of his interim release on probation. After defendant was discharged from treatment due to opiate use and failed to report for his presentence investigation interview, County Court concluded that he had violated the terms of the plea agreement and imposed a prison sentence of 1 to 4 years, along with restitution in the amount of $500. Defendant now appeals, arguing that his guilty plea was involuntary and that the waiver of his right to appeal was invalid. He further claims that County Court erred in ordering restitution, and challenges the court's imposition of an enhanced sentence.

Initially, we reject defendant's claim that his appeal waiver was invalid. During the plea colloquy, County Court adequately explained the nature of the rights that defendant was waiving, the appeal rights that he could not waive, and that the right to appeal is separate and distinct from the rights automatically forfeited upon a plea of guilty (*see People v Bradshaw*, 18 NY3d 257, 264-265 [2011]; *People v Lopez*, 6 NY3d 248, 256-257 [2006]). Defendant orally confirmed that he understood the rights that he was relinquishing and that those rights were separate and distinct from the rights forfeited as a result of his guilty plea (*cf. People v Bradshaw*, 18 NY3d at 267). Defendant also signed a detailed written waiver of appeal in open court that both mirrored County Court's colloquy and indicated that defendant had been given sufficient time to discuss the waiver with counsel and was proceeding knowingly, intentionally and voluntarily. Therefore, contrary to defendant's contentions on appeal, County Court "carefully explained the appeal waiver and distinguished it from the other rights that defendant was forgoing as a consequence of his guilty plea, established that defense counsel had discussed it with him . . . and did not mislead him as to the . . . scope of the appeal waiver" (*People v Wolz*, 112 AD3d 1150, 1152 [2013]; *see People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Lopez*, 6 NY3d at 256-257).

Inasmuch as County Court advised defendant of the plea conditions and the potential consequences of violating them, his contention that his enhanced sentence was harsh and excessive is precluded by his valid waiver of the right to appeal (*see People v Long*, 117 AD3d 1326, 1327 [2014]; *cf. People v Bucknor*, 116 AD3d 1233, 1234 n [2014]). Turning to defendant's claims that survive his appeal waiver, his argument that his plea was involuntary is unpreserved for our review because he failed to move to withdraw his plea, and the narrow exception to the preservation requirement is inapplicable (*see People v Watson*, 115 AD3d 1016, 1017 [2014]; *People v Smith*, 112 AD3d 1232, 1232-1233 [2013], *lv denied* 22 NY3d 1203 [2014]). Defendant's assertion that County Court failed to make an adequate inquiry into whether he violated the conditions of his plea lacks merit; the court conducted an adequate inquiry in which defendant was given an opportunity to explain his discharge from treatment and his failure to appear for the presentence investigation interview, and he admitted violating the plea conditions (*see People v Mitchell*, 112 AD3d 992, 993-994 [2013]).

Although defendant's challenge to the amount of restitution ordered also survives his waiver because the plea agreement did not specify the amount to be awarded, the issue is unpreserved due to his failure to request a hearing or challenge the amount at sentencing (*see People v Horne*, 97 NY2d 404, 414 n 3 [2002]; *People v Smith*, 112 AD3d at 1233; *People v Hulett*, 106 AD3d 1330, 1331 [2013], *lv denied* 22 NY3d 1139 [2014]). Nevertheless, the People concede in their brief, and we agree, that "the record does not contain sufficient evidence to support [the] finding" with respect to the amount of restitution owed (Penal Law § 60.27 [2]) and, thus, we find this to be a case in which it is appropriate to exercise our discretion to take corrective action in the interest of justice. Accordingly, we modify the judgment in the interest of justice and remit for the sole purpose of holding a hearing to establish restitution.

Lahtinen, J.P., Stein, Egan Jr. and Devine, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing so much thereof as ordered restitution; matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.