Lynch, J.
Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered April 22, 2011, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree.
In satisfaction of two pending charges of criminal possession of a weapon in the second degree, defendant pleaded guilty to attempted criminal possession of a weapon in the second degree, waiving his right to appeal. During the plea allocution, County Court repeatedly warned defendant that if he was arrested on any new charges, he was subject to an enhanced sentence of up to seven years in prison, as opposed to the agreed-upon five-year term. Prior to sentencing, defendant was arrested and charged in an indictment with numerous crimes, including attempted murder in the second degree. The People requested an Outley hearing, and defendant moved to withdraw his plea on the ground that he was coerced into pleading guilty due to threats made by one of his codefendants. The court denied the motion to withdraw and, following a hearing, sentenced defendant to seven years in prison to be followed by five years of postrelease supervision. Defendant now appeals.
We affirm. Initially, we reject defendant’s argument that County Court erred in summarily denying his motion to withdraw his plea as involuntary. Although defendant’s challenge to the voluntariness of his plea survives his valid appeal waiver (see e.g. People v Smith, 121 AD3d 1131, 1132 [2014]), it lacks merit. “ [T]he decision to permit withdrawal of a defendant’s guilty plea is a matter committed to the trial court’s sound discretion, and a hearing is required only where the record presents a genuine question of fact as to the plea’s voluntariness” (People v Singletary, 51 AD3d 1334, 1334 [2008], lv denied 11 NY3d 741 [2008]). That is, “[o]nly in the rare instance will a defendant be entitled to an evidentiary hearing” (People v Baret, 11 NY3d 31, 33 [2008] [internal quotation marks and citation omitted]). Here, defendant’s conclusory allegations of coercion and terse description of a threat to his life were “too flimsy to warrant further inquiry” {id. at 34), especially when viewed in the context of his repeated, express denials during the plea allocution that anyone had forced him to plead guilty. Under the circumstances, County Court did not abuse its discretion in rejecting, without a hearing, defendant’s claims that his plea was coerced (see id. at 33-34; People v Singletary, 51 AD3d at 1334).
As County Court informed defendant at sentencing, his challenge to the court’s rulings in the Outley hearing also survive his waiver (see e.g. People v Fink, 97 AD3d 974, 975-976 [2012]; *1047 People v Dissottle, 68 AD3d 1542, 1544 [2009], lv denied 14 NY3d 799 [2010]; People v Pickens, 45 AD3d 1187, 1188 [2007], lv denied 10 NY3d 769 [2008]). His challenge to the adequacy of the inquiry into his postplea arrest, however, is also lacking in merit. At the Outley hearing, the People submitted the felony complaints and indictment charging defendant with attempted murder, and “[b]oth defendant and his counsel were given ample opportunity to refute the [People’s] assertions that defendant had violated the plea terms” (People v Albergotti, 17 NY3d 748, 750 [2011]). Inasmuch as the “inquiry [was] of sufficient depth so as to . . . ‘satisf[y] [the court] — not of defendant’s guilt of the new criminal charge [s] but of the existence of a legitimate basis for the arrest on th[ose] charges’ ” — the inquiry was adequate (People v Paneto, 112 AD3d 1230, 1231 [2013], lv denied 23 NY3d 1023 [2014], quoting People v Outley, 80 NY2d 702, 713 [1993], cert denied sub nom. Maietta v Artuz, 519 US 964 [1996]; see People v Albergotti, 17 NY3d at 750).
Finally, defendant’s challenge to his enhanced sentence as harsh and excessive is precluded by his valid waiver of the right to appeal inasmuch as County Court advised him of the consequences of violating the conditions of his plea (see People v Lyman, 119 AD3d 968, 970 [2014]).
Lahtinen, J.P., Egan Jr. and Devine, JJ., concur. Ordered that the judgment is affirmed.