*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 9, 2015                    105194
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

MAHLON DENEGAR,
                        Appellant.
_____

Calendar Date:  May 28, 2015

Before:  Garry, J.P., Egan Jr., Rose and Lynch, JJ.

_____

        Tara Brower Wells, Latham, for appellant, and appellant
pro se.

        Robert M. Carney, District Attorney, Schenectady (Peter H.
Willis of counsel), for respondent.

_____

Garry, J.P.

        Appeal from a judgment of the County Court of Schenectady
County (Giardino, J.), rendered June 22, 2012, convicting
defendant upon his plea of guilty of the crimes of vehicular
assault in the first degree and aggravated driving while
intoxicated.

        Defendant was indicted on various charges stemming from a
motor vehicle accident that occurred in November 2010 within
Schenectady County.  The accident caused injury to a passenger
who was under 15 years of age, and defendant was operating his
vehicle while impaired by the use of alcohol and marihuana.  In
satisfaction of all the resulting charges against him, defendant
pleaded guilty to vehicular assault in the first degree and

aggravated driving while intoxicated.  The plea agreement included an aggregate prison sentence of 2 to 4 years.  After several adjournments, sentencing was scheduled for May 25, 2012. The court was unavailable on that date and so adjourned the matter to June 8, 2012.  Defendant failed to appear on that date and on several dates thereafter.  County Court sentenced defendant, in absentia, to an enhanced sentence of 3½ to 7 years in prison for his conviction of vehicular assault in the first degree and a concurrent term of 1½ to 4 years in prison for his conviction of aggravated driving while intoxicated.  Defendant appeals.

Defendant contends that County Court erred in imposing an enhanced sentence due to his failure to appear at sentencing. Although he failed to preserve this challenge by objection or an appropriate motion (see People v Botte, 120 AD3d 1488, 1489 [2014], lv denied 24 NY3d 1118 [2015]), we choose to exercise our interest of justice jurisdiction to take corrective action (see People v Donnelly, 80 AD3d 797, 798 [2011]).

"A sentencing court may not impose an enhanced sentence unless it has informed the defendant of specific conditions that the defendant must abide by or risk such enhancement, or give the defendant an opportunity to withdraw his or her plea before the enhanced sentence is imposed" (People v Tole, 119 AD3d 982, 984 [2014] [citations omitted]; see People v Parker, 57 NY2d 136, 141 [1982]).  The People contend that a written admonishment executed by defendant at his arraignment nearly nine months earlier was sufficient to apprise defendant of the consequences for failing to appear at each scheduled proceeding.  However, "[w]hile written statements or affidavits may serve as a helpful supplement to a colloquy with the court concerning a plea or the waiver of certain rights, these writings cannot be substituted for on-the-record discussions between the defendant and the court" (People v McDermott, 68 AD3d 1453, 1454 [2009]).  Here, although defendant executed a written admonishment at the time of arraignment, the record reveals that County Court failed to ensure that, at the time of his plea, "defendant was fully aware of the adverse consequences that might flow from his" failure to appear at sentencing (id.; see People v Lewis, 98 AD3d 1186, 1186-1187 [2012]; People v Lindsey, 80 AD3d 1005, 1006 [2011]).

Notably, the record further reveals that defendant had appeared at each of the multiple court dates prior to the proceedings scheduled to occur in June 2012. County Court later remarked that the first missed date might possibly have been caused in part by an adjournment based upon rescheduling. Apparently defendant's counsel did not provide any written notice of any of the scheduled court dates; although counsel was not required to do so, this failure may have contributed to defendant's alleged confusion or his lack of timely knowledge of the appearance dates.[1] As defendant argues, it does not appear that he either fled or absconded; when a warrant was ultimately issued, he was readily found at his residence. Finally, the record reveals that he has a limited criminal history. Considering the foregoing, together with the failure to provide an adequate Parker warning, we find that remittal is necessary so that the court may impose the agreed-upon sentence or permit defendant an opportunity to withdraw his plea (see People v Tole, 119 AD3d at 984; People v McDermott, 68 AD3d at 1454; People v Armstead, 52 AD3d 966, 968 [2008]).

Egan Jr., Rose and Lynch, JJ., concur.

---

[1] Defendant also submitted phone records with his pro se brief, arguing that these demonstrate that his counsel failed to contact him and advise him of scheduled court dates. However, as these documents are not part of the record, they were not considered upon the appeal (see People v Harden, 6 AD3d 181, 182 [2004], lv denied 3 NY3d 641 [2004]).

ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed; matter remitted to the County Court of Schenectady County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court