*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: March 3, 2016         107105
_____

THE PEOPLE OF THE STATE OF
   NEW YORK,
                Respondent,

     v                       MEMORANDUM AND ORDER

WADE CREIGHTON,
                Appellant.
_____

Calendar Date: January 5, 2016

Before: McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

_____

Susan Patnode, Rural Law Center of New York, Castleton (George J. Hoffman Jr. of counsel), for appellant.

Mary E. Rain, District Attorney, Canton (A. Michael Gebo of counsel), for respondent.

_____

McCarthy, J.P.

Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered September 8, 2014, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

During a home visit, defendant's parole officer allegedly found crack cocaine, heroin and other drugs and packaging materials in defendant's apartment and he was thereafter charged by indictment with six drug-related felonies and a misdemeanor. Pursuant to a plea agreement that included an appeal waiver, defendant entered a guilty plea under count 2 of the indictment to criminal possession of a controlled substance in the third degree, admitting that he had possessed morphine with intent to

sell it.  Consistent with that agreement, he was sentenced, as an admitted second felony drug offender with a prior violent felony, to a prison term of 11 years with three years of postrelease supervision.  Defendant now appeals.

Defendant's waiver of his right to appeal is valid.  At the time of the waiver, defendant was 32 years old and had a criminal history that stretched back more than 12 years and that included a conviction for a violent felony (see generally People v Sanders, 25 NY3d 337, 341-342 [2015]).  During the colloquy with defendant, County Court elicited defendant's assurance that he understood that the "right to appeal is separate and distinct from those rights . . . automatically forfeited by [the] plea of guilty."  Defendant also assured the court that he understood that such a waiver would not affect his right to appeal on a number of grounds that the court had listed for him.  More generally, defendant agreed that he understood the difference between those rights that he was giving up and those rights that he would retain in regard to a waiver of the right to appeal.  This colloquy was sufficient to demonstrate that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Sanders, 25 NY3d at 341-342 [2015]; People v Handly, 122 AD3d 1007, 1008 [2014]; People v Lyman, 119 AD3d 968, 969, [2014]; People v Wolz, 112 AD3d 1150, 1151-1152 [2013], lv denied 23 NY3d 1026 [2014]).  That valid waiver forecloses review of defendant's contention that his sentence is harsh and excessive (see People v Lopez, 6 NY3d 248, 255-256 [2006]).

Egan Jr., Lynch and Clark, JJ., concur.


ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court