*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 31, 2016                 106598
                                                     100599
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                    MEMORANDUM AND ORDER

STEVEN F. RUSHLOW JR.,
                        Appellant.
_____


Calendar Date:  February 8, 2016

Before:  McCarthy, J.P., Egan Jr., Rose, Devine and Clark, JJ.

                        _____


        Susan Patnode, Rural Law Center of New York, Castleton
(George J. Hoffman Jr. of counsel), for appellant.

        Mary E. Rain, District Attorney, Canton (Ramy Louis of
counsel), for respondent.

                        _____


Clark, J.

        Appeal from a judgment of the County Court of St. Lawrence
County (Richards, J.), rendered December 16, 2013, convicting
defendant upon his pleas of guilty of the crimes of aggravated
driving while intoxicated and driving while intoxicated.

        In June 2013, in satisfaction of a three-count indictment,
defendant pleaded guilty to aggravated driving while intoxicated
and waived his right to appeal, both orally and in writing.  At
the time of his guilty plea, he was participating in a substance
abuse treatment program and was expected to continue to do so
while the criminal matter was pending.  He was released to
probation supervision pending sentencing, which was set for

September 2013.  At that time, he was to be sentenced under the terms of the plea agreement to six months in jail and five years of probation.

Prior to sentencing, however, defendant violated the conditions of his probation release multiple times and he was arrested for driving while intoxicated.  He waived indictment with respect to the new charge and agreed to be prosecuted by a superior court information.  Plea proceedings ensued during which County Court advised defendant that, if he pleaded guilty to the new crime, he would be sentenced to a prison term of 1⅓ to 4 years that would run consecutively to the 1 to 3-year prison term that the court was now going to impose on the aggravated driving while intoxicated conviction.  Defendant pleaded guilty to driving while intoxicated and waived his right to appeal, both orally and in writing.  Thereafter, he was sentenced to consecutive prison terms of 1 to 3 years on the aggravated driving while intoxicated conviction and 1⅓ to 4 years on the driving while intoxicated conviction.  He now appeals.

Initially, we find that defendant's appeal waivers were valid inasmuch as "County Court adequately explained the nature of the rights that defendant was waiving, the appeal rights that he could not waive, and that the right to appeal is separate and distinct from the rights automatically forfeited upon a plea of guilty" (People v Lyman, 119 AD3d 968, 969 [2014]; see People v Lopez, 6 NY3d 248, 256-257 [2006]; People v Perkins, 125 AD3d 1045, 1047 [2015]).  Thus, he is precluded from challenging the respective sentences as harsh or excessive (see People v Rubio, 133 AD3d 1041, 1042 [2015]; People v Perkins, 125 AD3d at 1047).

Defendant further argues that County Court erred in imposing an enhanced sentence on the aggravated driving while intoxicated conviction because he was not advised of the potential consequences of his failure to comply with supervised release conditions or that his arrest prior to sentencing would subject him to an enhanced sentence.  Although defendant's valid appeal waiver does not foreclose him from raising this claim, it has not been preserved for our review due to defendant's failure to either object to the enhanced sentence or make a motion to

withdraw his plea (see People v Bucknor, 116 AD3d 1233, 1234 [2014]; People v Stanley, 100 AD3d 1152, 1152-1153 [2012]). Nevertheless, despite the lack of preservation, we shall exercise our interest of justice jurisdiction to take corrective action.

"A sentencing court may not impose an enhanced sentence unless it has informed the defendant of specific conditions that the defendant must abide by or risk such enhancement, or give the defendant an opportunity to withdraw his or her plea before the enhanced sentence is imposed" (People v Tole, 119 AD3d 982, 984 [2014]; see People v Lewis, 98 AD3d 1186, 1186 [2012]; People v Lindsey, 80 AD3d 1005, 1006 [2011]). Here, the plea involving the aggravated driving while intoxicated charge does not reveal that County Court conditioned the sentencing commitment on defendant's compliance with the terms of his probation supervision release or that it gave him a Parker/Outley warning advising him that his arrest pending sentencing could expose him to an enhanced sentence. Given this failure, County Court had an affirmative obligation to provide defendant with the opportunity to withdraw his plea to the aggravated driving while intoxicated charge once the court planned on imposing an enhanced sentence (see People v Lewis, 98 AD3d at 1187; People v Bonacci, 52 AD3d 1189, 1189 [2008]). The record does not establish that the court provided defendant with such an opportunity or otherwise "demonstrate that defendant understood and knowingly waived the right to withdraw his plea" (People v Lewis, 98 AD3d at 1187). Therefore, we vacate the sentence on the aggravated driving while intoxicated charge and remit the matter to County Court to impose the agreed-upon sentence or provide defendant with the option to withdraw his plea to that charge (see People v Tole, 119 AD3d at 984; People v Stanley, 100 AD3d at 1153; People v Lewis, 98 AD3d at 1187).

McCarthy, J.P., Egan Jr., Rose and Devine, JJ., concur.

-4- 106598
100599

ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed on defendant's conviction of aggravated driving while intoxicated; matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court