## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: July 21, 2016                    106957
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

            v                                MEMORANDUM AND ORDER

DANIEL W. LESTER,
                    Appellant.
_____

Calendar Date:  May 31, 2016

Before:  Lahtinen, J.P., Egan Jr., Lynch, Devine and Mulvey, JJ.

_____

        Susan Betzjitomir, Bath, for appellant.

        Mary E. Rain, District Attorney, Canton (Marquetta Christy
of counsel), for respondent.

_____

Egan Jr., J.

        Appeal from a judgment of the County Court of St. Lawrence
County (Richards, J.), rendered July 7, 2014, convicting
defendant upon his plea of guilty of the crime of vehicular
manslaughter in the first degree.

        Defendant waived indictment and agreed to be prosecuted
pursuant to a superior court information charging him with
vehicular manslaughter in the first degree and driving while
ability impaired by drugs.  Defendant thereafter pleaded guilty
to vehicular manslaughter in the first degree – in full
satisfaction of both the superior court information and other
potential charges stemming from a December 2013 incident wherein
defendant, while operating a motor vehicle under the influence of
various drugs, struck and killed a bicyclist.  The underlying

plea agreement included a waiver of the right to appeal, and County Court agreed to impose a prison term of 4 to 12 years and to release defendant to probation supervision pending sentencing – subject to certain terms and conditions. Such terms and conditions included, insofar as is relevant here, that defendant refrain from taking any prescription medications that had not in fact been prescribed for him, "abide by a curfew and be in [his] established residence between the hours of 9:00 p.m. and 6:00 a.m. daily" and submit to random drug testing. In this regard, defendant expressly advised County Court that he was only taking two prescribed medications – Gabapentin and Hydrochlorothiazide. County Court, in turn, advised defendant that any additional prescription medications had to be approved by the Probation Department before such prescriptions could be filled. County Court also warned defendant that if he "br[oke] the rules" and violated any of the terms imposed by the court or the Probation Department, the court would not be bound by the terms of the plea agreement and could sentence defendant to up to 15 years in prison.

Following a brief recess in the proceedings, defendant was returned to court because he tested positive for Suboxone. Although defendant had not disclosed that he had a prescription for this particular medication during his prior colloquy with County Court, defense counsel subsequently represented that defendant did have a valid prescription for this drug but "unilaterally decided to stop taking it and flushed it" approximately two weeks earlier. Defendant confirmed counsel's understanding, stating, "I just decided to quit taking it." Despite defendant's initial failure to disclose this medication and his subsequent failed drug test, County Court continued defendant's release under supervision – reminding him of his obligation to test negative for unauthorized drug use.

Approximately one month later, the Probation Department filed a uniform court report alleging that defendant violated the terms of his release by violating his curfew and twice testing positive for Suboxone. A bench warrant was issued and, after County Court found that defendant had violated the terms and conditions of his release, defendant was remanded to the local jail pending sentencing. County Court thereafter imposed an

enhanced sentence of 5 to 15 years in prison, prompting this appeal.

We affirm. Initially, we reject defendant's challenge to the validity of his waiver of the right to appeal. As the Court of Appeals recently reiterated, "a trial court need not engage in any particular litany when apprising a defendant pleading guilty of the individual rights abandoned" (People v Sanders, 25 NY3d 337, 341 [2015] [internal quotation marks and citation omitted]). Rather, all that is required is "that defendant's full appreciation of the consequences and understanding of the terms and conditions of the plea, including a waiver of the right to appeal, are apparent on the face of the record" (id. at 340 [internal quotation marks and citation omitted]). Here, as reflected in the plea colloquy, County Court explained that defendant's right to appeal was separate and distinct from the other rights forfeited in connection with his plea (see People v Rushlow, 137 AD3d 1482, 1483 [2016]; People v Creighton, 137 AD3d 1328, 1328-1329 [2016]; compare People v Gonzalez, 138 AD3d 1353, 1354 [2016]). Additionally, the record contains a signed, written waiver of the right to appeal, a portion of which County Court read aloud to defendant during the plea allocution, and defendant confirmed that he understood what rights he was "giving up" and what rights he could not "give up" by executing the subject waiver (see People v Brown, 119 AD3d 980, 981 [2014], lv denied 24 NY3d 959 [2014]; People v Carbone, 101 AD3d 1232, 1233 [2012]). "While the better practice would have been for the court to specifically ask defendant if he had discussed the appeal waiver with counsel and establish that he had read the written waiver before signing it, considering all of the relevant facts and circumstances surrounding the waiver, including defendant's experience, we are satisfied that the oral colloquy, combined with the written waiver, demonstrate his understanding and voluntary waiver of his right to appeal" (People v Belile, 137 AD3d 1460, 1461 [2016] [internal quotation marks, brackets and citations omitted]).

As for defendant's claim that his plea necessarily was involuntary given that he tested positive for Suboxone shortly after his allocution, this issue is unpreserved for our review absent an appropriate postallocution motion (see People v

Guyette, 121 AD3d 1430, 1431 [2014], lv denied 27 NY3d 998 [2016]).  Moreover, "[d]efendant made no statements during the plea colloquy that would bring this matter within the narrow exception to the preservation requirement" (People v Butler, 134 AD3d 1349, 1350 [2015] [internal quotation marks and citation omitted], lvs denied 27 NY3d 962, 963 [2016]).  Finally, defendant expressly acknowledged that had not "taken any medications or drugs, legal or otherwise," within the 24 hours preceding his plea allocution, and nothing in the record before us either casts doubt upon defendant's ability to understand the nature of the proceedings (see People v Jenks, 69 AD3d 1120, 1121 [2010], lv denied 14 NY3d 841 [2010]) or suggests a need for further inquiry by County Court (cf. People v Stover, 123 AD3d 1232, 1233 [2014], lv denied 26 NY3d 936 [2015]).

With respect to the enhanced sentence imposed, although this issue has been sufficiently preserved for our review, we find it to be lacking in merit.  A court may not impose an enhanced sentence unless, as is relevant here, "it has informed the defendant of specific conditions that the defendant must abide by or risk such enhancement" (People v Tole, 119 AD3d 982, 984 [2014], lv denied 19 NY3d 968 [2012]).  As noted previously, defendant was expressly advised that he could not take any prescription medications that had not been prescribed for him, that any additional prescription medications – other than the two medications disclosed to County Court, which did not include Suboxone – had to be approved by the Probation Department before such prescriptions could be filled and that he had to "abide by a curfew and be in [his] established residence between the hours of 9:00 p.m. and 6:00 a.m. daily."  In response to the alleged violations, defendant did not dispute that he continued to take Suboxone and, further, had spent the night at the home of a female friend – arguing instead that such conduct did not amount to a violation of the terms and conditions of his release.  As defendant and counsel were afforded an opportunity to contest the alleged violations (see People v Albergotti, 17 NY3d 748, 750 [2011]) and the record otherwise establishes that defendant did not comply with the terms and conditions of his release, we cannot say that County Court abused its discretion in imposing an enhanced sentence (cf. People v Waite, 119 AD3d 1086, 1087-1088 [2014]).  "Finally, defendant's challenge to his enhanced

sentence as harsh and excessive is precluded by his valid waiver of the right to appeal inasmuch as County Court advised him of the consequences of violating the conditions of his plea" (People v Perkins, 125 AD3d 1045, 1047 [2015] [citation omitted]). Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Lahtinen, J.P., Lynch, Devine and Mulvey, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court