People v Smith (2018 NY Slip Op 04790)





People v Smith


2018 NY Slip Op 04790


Decided on June 28, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 28, 2018


[*1]THE PEOPLE OF THE STATE OF NEW YORK, 
v
CLARENCE D. SMITH, Appellant.

Calendar Date: May 8, 2018

Before: Garry, P.J., McCarthy, Clark, Aarons and Rumsey, JJ.


Michael P. Graven, Owego, for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephen Ferri of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered July 28, 2016, convicting defendant upon his plea of guilty of the crime of aggravated unlicensed operation of a motor vehicle in the first degree.
In July 2015, defendant pleaded guilty as charged in an indictment to aggravated unlicensed operation of a motor vehicle (hereinafter AUO) in the first degree, stemming from his conduct in knowingly driving while his license was suspended, having previously had his privilege to drive suspended on 10 or more separate occasions. At the time of the plea, County Court agreed to cap his sentence at one year in jail but warned him that, if he were charged with further criminal conduct, it would not be bound to the promised sentence and could impose a prison term of up to 1&frac13; to 4 years. That warning was repeated later, when defendant failed to appear for probation interviews. Over the ensuing months, defendant was again charged by indictment with AUO in the first degree and driving while intoxicated and, separately, with promoting prison contraband in the second degree. At an appearance in March 2016, at defense counsel's request, the court adjourned the matter to permit defendant to pay off all of his pending fines and resolve the suspensions, promising that, if he complied, the court would impose six months of weekends in jail to permit him to work. The court warned defendant that, if he failed to pay his fines or were arrested or charged with new similar crimes, it would not be bound to the original sentencing promise and could impose a prison term up to 1&frac13; to 4 years. At the July 2016 sentencing, the court placed on the record the history of this matter since defendant's July 2015 guilty plea and the fact that defendant had again been arrested in late March 2016 for AUO in the first degree. The court thereafter sentenced defendant to an enhanced prison term of 1 to 3 years, and defendant now appeals.
We affirm. Defendant argues that County Court failed to conduct a sufficient inquiry before imposing an enhanced sentence (see People v Outley, 80 NY2d 702, 713 [1993]). However, at sentencing, after the court reviewed the history of this matter since defendant's guilty plea, which defense counsel conceded, the court advised defendant on the record that it [*2]intended to impose an enhanced sentence [FN1]. Defendant never objected to the enhanced sentence during the sentencing proceeding or requested further inquiry, and did not move to withdraw his guilty plea and, thus, this claim is unpreserved for our review (see People v Lopez, 157 AD3d 1163, 1163-1164 [2018]; People v Rushlow, 137 AD3d 1482, 1483 [2016]; cf. People v Turner, 158 AD3d 892, 893 [2018]). Were we to review this issue despite the lack of preservation, we would find that the court clearly advised defendant of the conditions that he must abide by or risk enhancement (see People v Lester, 141 AD3d 951, 954 [2016], lv denied 28 NY3d 1185 [2017]; cf. People v Rushlow, 137 AD3d at 1483-1484; People v Tole, 119 AD3d 982, 984 [2014]). Further, the court conducted a sufficient inquiry at several appearances during which it considered the accusatory instruments and ongoing arguments of counsel, all of which established that an enhanced sentence was warranted (see People v Albergotti, 17 NY3d 748, 750 [2011]; People v Driscoll, 131 AD3d 766, 767 [2015], lv denied 27 NY3d 996 [2016]).
We are unpersuaded by defendant's further contention that the enhanced sentence is harsh and excessive [FN2]. The record reflects that defendant has an extensive history of driving while his license is suspended and, following his guilty plea, frustrated County Court's repeated efforts to impose the agreed-upon or a lesser sentence. Under these circumstances, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Slamp, 145 AD3d 1320, 1321 [2016]).
Garry, P.J., McCarthy, Clark, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: County Court had raised the issue of enhancing the sentence at several prior proceedings.

Footnote 2: At sentencing, the People indicated that they would move to dismiss the unrelated postplea indictment handed up in January 2016 and other pending charges provided that County Court imposed the enhanced 1 to 3-year prison sentence on this guilty plea. Also, although defendant was released to parole supervision in July 2017, his challenge to the sentence as harsh and excessive is not moot given that he is still under parole supervision until his sentence is complete (see People v Pixley, 150 AD3d 1555, 1557 [2017], lv denied 30 NY3d 952 [2017]).