People v Adams (2018 NY Slip Op 06829)





People v Adams


2018 NY Slip Op 06829


Decided on October 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 11, 2018

108223

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
NICHOLAS P. ADAMS, Appellant.

Calendar Date: September 13, 2018

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Pritzker, JJ.


Rebecca L. Fox, Plattsburgh, for appellant.
Barbara D. Underwood, Attorney General, New York City (Lisa E. Fleischmann of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered November 19, 2015, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.
In March 2015, a grand jury handed up four sealed indictments in connection with an alleged conspiracy to distribute heroin and cocaine in St. Lawrence County. Defendant, who was named in two of the indictments, was charged with, among other crimes, burglary in the second degree and various drug and weapon offenses. In full satisfaction of the subsequently consolidated indictments and additional pending charges, defendant agreed to plead guilty to one count of burglary in the second degree in exchange for a prison term of nine years followed by five years of postrelease supervision. The plea agreement required defendant to waive his right to appeal, and County Court's sentencing commitment was contingent upon defendant obeying the applicable "jail rules" while confined awaiting sentencing. Consistent with that agreement, defendant thereafter pleaded guilty to one count of burglary in the second degree and was remanded pending sentencing. In this regard, County Court reminded defendant that he was required to comply with the local jail rules, stating, "You break the jail rules — get in a fight, possess a controlled substance, test positive, whatever the rule is — I'm not bound to sentence you to the agreed[-]upon sentence of nine years." Defendant indicated that he understood, and the matter was adjourned.
When defendant appeared for sentencing, County Court stated that it had been apprised that defendant allegedly had violated a facility rule and, after some discussion, the matter was adjourned for a violation hearing. Ultimately, defendant elected to forgo both the violation hearing and his requested restitution hearing in exchange for County Court's agreement to impose a prison term of 10 years, followed by five years of postrelease supervision. At sentencing, defendant expressed his belief that a prison term of 10 years was harsh and excessive and [*2]indicated that he would not have accepted the plea offer had he understood the impact of the requirement that he not violate any local jail rules; that said, defendant made clear that he did not wish to withdraw his plea. County Court thereafter sentenced defendant to a prison term of 10 years followed by five years of postrelease supervision, and this appeal ensued.
We affirm. Contrary to defendant's assertion, County Court explained that the waiver of appeal was part of the plea agreement and that such waiver was separate and distinct from the trial-related rights that defendant was automatically forfeiting by pleading guilty. In addition to orally confirming his understanding of the waiver, defendant reviewed and executed a detailed written waiver in open court — advising County Court that he had read the written waiver, understood the contents thereof, had been afforded an opportunity to confer with counsel and had no questions with respect thereto. Under these circumstances, we are satisfied that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Charles, 163 AD3d 1362, 1362 [2018]; People v Nieves, 163 AD3d 1359, 1359-1360 [2018]; People v Venable, 161 AD3d 1315, 1315 [2018], lv denied 31 NY3d 1154 [2018]).
Defendant next contends that County Court erred in imposing an enhanced sentence without undertaking a sufficient inquiry into defendant's alleged violation of the terms of the plea agreement — namely, that he not violate any jail rules while confined awaiting sentencing. This issue, however, is unpreserved for our review, as defendant elected to forgo a violation hearing (see People v Adams, 153 AD3d 1449, 1451 [2017]) and thereafter stated that he did not wish to withdraw his plea upon this ground (see People v Smith, 162 AD3d 1408, 1409 [2018]). Were we to address this issue, we would find it to be lacking in merit, as defendant readily admitted that he violated a direct order while confined. Finally, given that "County Court advised defendant of the plea conditions and the potential consequences of violating them, his contention that [the] enhanced sentence was harsh and excessive is precluded by his valid waiver of the right to appeal" (People v Lyman, 119 AD3d 968, 970 [2014], lv denied 27 NY3d 1153 [2016]; see People v Perkins, 125 AD3d 1045, 1047 [2015]).
Egan Jr., J.P., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.