People v Hunter (2019 NY Slip Op 04496)





People v Hunter


2019 NY Slip Op 04496


Decided on June 6, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 6, 2019

104030

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
STANLEY HUNTER, Appellant.

Calendar Date: May 2, 2019

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Lisa A. Burgess, Indian Lake, for appellant.
James R. Farrell, District Attorney, Monticello (Meagan K. Galligan of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered November 30, 2010, convicting defendant upon his plea of guilty of the crime of murder in the second degree.
In 2010, defendant and two codefendants were charged with various crimes following an attempted robbery during which defendant shot and killed the victim. In satisfaction of the nine-count indictment, defendant pleaded guilty to murder in the second degree in exchange for a promised prison term of 20 years to life. Following an Outley hearing, County Court concluded that defendant violated a condition of the plea agreement and imposed a prison sentence of 25 years to life. Defendant appealed, arguing that the court improperly enhanced his sentence without providing him an opportunity to withdraw his plea. This Court found the contention unpreserved for review, based on defendant's failure to object to the enhanced sentence or move to withdraw his plea, and affirmed the judgment of conviction (98 AD3d 1189 [2012], lv denied 20 NY3d 1012 [2013]).
In 2018, this Court addressed defendant's motion for a writ of error coram nobis contending that he was denied the effective assistance of appellate counsel on his original appeal. Defendant argued that County Court improperly enhanced his sentence without providing him an opportunity to withdraw his plea and that appellate counsel should have raised the issue that trial counsel was ineffective for failing to either object to the enhanced sentence or move to withdraw his plea. This Court found that the issue may have merit and granted the motion, reinstating the appeal but limiting it to this specific issue.[FN1]
Trial counsel was ineffective for failing to adequately challenge County Court's imposition of the enhanced sentence. "A sentencing court may not impose an enhanced sentence unless it has informed the defendant of specific conditions that the defendant must abide by or risk such enhancement, or give the defendant an opportunity to withdraw his or her plea before the enhanced sentence is imposed" (People v Tole, 119 AD3d 982, 984 [2014] [citations omitted]; see People v Parker, 57 NY2d 136, 141 [1982]; People v Denegar, 130 AD3d 1140, 1141 [2015]; People v Armstead, 52 AD3d 966, 967 [2008]). The court has an obligation to "insure that [the] defendant [is] fully aware of the adverse consequences that might flow from [the violation of a condition of the plea agreement] prior to the imposition of" an enhanced sentence (People v McDermott, 68 AD3d 1453, 1453 [2009], citing People v Parker, 57 NY2d at 141; see People v Denegar, 130 AD3d at 1141).
During the plea colloquy, County Court had this exchange
with defendant:
"COURT: I'm going to ask you to do the three following things so that I'll be able to give you the 20-year to life sentence. By the way, if I'm unable to give you that sentence you would have the right to withdraw your plea and proceed to trial or otherwise. Now, having said that, let me also say . . . that, please, show up for sentencing. That's easy, right?
"DEFENDANT: Yes, sir.
"COURT: Don't get in any trouble at the jail, don't get rearrested, don't get involved with contraband, or break the law, or anything like that in jail, you can do that?
"DEFENDANT: Yes, sir.
"COURT: Thirdly, the [P]robation [D]epartment is going to be in to see you. They are going to do a presentence report. I ask you to be cooperative with them and honest with them and continue to express the remorse that you show here today because if you don't cooperate with them, and if you are not honest with them, or if you don't continue to accept remorse and responsibility for what you did then your plea will stand and I will be free to impose a sentence of 25 years to life and say things to make sure that you never see parole, so, please, cooperate with your probation officer."
County Court imposed an enhanced sentence based upon its finding that defendant had violated a condition of his plea agreement by being arrested on new charges prior to sentencing. Considering the court's specific warnings regarding the consequences of failing to cooperate with probation and the lack of any such warnings regarding the other two conditions, as well as the statement that defendant would be able to withdraw his plea if the court did not intend to impose the agreed-upon sentence, the court did not insure that defendant was fully aware of the consequences of being arrested prior to sentencing. Accordingly, County Court should not have imposed an enhanced sentence without providing defendant an opportunity to withdraw his plea (see People v Rushlow, 137 AD3d 1482, 1483-1484 [2016]; People v Tole, 119 AD3d at 984; People v Lewis, 98 AD3d 1186, 1186-1187 [2012]).
In light of the foregoing, counsel was ineffective for failing to challenge the enhanced sentence on the ground that County Court did not insure that defendant was fully aware of the consequences of being rearrested prior to sentencing. A successful challenge to the enhanced sentence would have resulted in County Court having to either impose the agreed-upon sentence or provide defendant with an opportunity to withdraw his plea (see People v Rushlow, 137 AD3d at 1483). There is no apparent strategic explanation for counsel not challenging the imposition of the enhanced sentence, which was the maximum sentence for murder in the second degree (see Penal Law § 70.00 [2] [a]; [3] [a] [i]). If the challenge were successful, defendant would receive the lower, agreed-upon sentence. On the other hand, if County Court still intended to impose the enhanced sentence and counsel did not believe that having defendant withdraw his plea and go to trial was in his best interests, then defendant could choose not to withdraw the plea and he would [*2]be facing the same sentence as he was prior to challenging the enhancement. Accordingly, there does not appear to be any risk in challenging the enhanced sentence and, therefore, no apparent strategic or other legitimate explanation for counsel not doing so, rendering the assistance less than meaningful. Indeed, counsel had stated during the Outley hearing that defendant would move to withdraw his plea if the court planned to enhance his sentence; the court stated that counsel could renew that application once the court had reached a final determination on the matter, but no such motion was made and no objection was raised at sentencing.
Because counsel was ineffective for failing to preserve the propriety of the enhanced sentence by objecting or moving to withdraw the plea, we will excuse the lack of preservation and address the merits. As noted above, the record does not indicate that County Court gave defendant valid Parker warnings or an opportunity to withdraw his plea before imposing an enhanced sentence. Therefore, we vacate the sentence and remit the matter to County Court to either impose the agreed-upon sentence or provide defendant with the option to withdraw his plea (see People v Rushlow, 137 AD3d at 1484; People v Tole, 119 AD3d at 984).
Garry, P.J., Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: We decline to address issues now raised by defendant that exceed the limits that our motion decision placed on this reinstated appeal.