People v Barnes (2019 NY Slip Op 53934)





People v Barnes


2019 NY Slip Op 53934


Decided on November 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 27, 2019

109265

[*1]The People of the State of New York, Respondent,
v
Kawaun Barnes, Also Known as Shawn, Appellant.

Calendar Date: November 14, 2019

Before: Garry, P.J., Clark, Mulvey, Pritzker and Reynolds Fitzgerald, JJ.


Marshall Nadan, Kingston, for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.

P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the Supreme Court (McDonough, J.), rendered February 9, 2017 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
In satisfaction of a two-count indictment and another uncharged crime, defendant pleaded guilty to criminal sale of a controlled substance in the third degree and waived his right to appeal. Under the terms of the plea agreement, he was to be sentenced as a second felony offender to a determinate prison term of between two and eight years, followed by a period of postrelease supervision of between 1½ and 3 years. During the plea proceedings, Supreme Court provided defendant with a written Parker admonishment and explained that "it basically tells you the bad things that can happen should you fail to appear here in court" for sentencing, without mentioning that an enhanced sentence was one of those consequences. Defendant failed to appear in court on the sentencing date and a bench warrant was issued for his arrest. He was arrested and was later returned to court for sentencing. At that time, Supreme Court advised defendant that it was imposing an enhanced sentence based upon his failure to comply with the terms of the Parker admonishment and proceeded to sentence him to a prison term of 10 years, followed by three years of postrelease supervision. Defendant appeals.
Defendant contends that Supreme Court erroneously imposed the enhanced sentence given that it did not specifically inform him as part of the Parker admonishment that a consequence of failing to appear for sentencing was the imposition of a greater sentence.[FN1] This claim is unpreserved inasmuch as the record does not reveal that defendant objected to the enhanced sentence or moved to withdraw his guilty plea (see People v Bennett, 143 AD3d 1008, 1009 [2016]; People v Tole, 119 AD3d 982, 984 [2014]). The lack of preservation, however, is attributable to the deficiencies of defendant's trial counsel, who represented him both during the plea proceedings and at sentencing. Counsel was ineffective in failing to challenge the enhanced sentence as there was no strategic reason for failing to do so, particularly in light of the clear omissions that were made by Supreme Court in administering the Parker admonishment (see People v Hunter, 173 AD3d 1249, 1251 [2019], lv denied 34 NY3d 933 [2019]). In view of this, we excuse the lack of preservation and address the merits (see id. at 1252; People v Rushlow, 137 AD3d 1482, 1483 [2016]). The record reveals that Supreme Court did not provide defendant with a sufficient Parker admonishment that included the sentencing consequences and that it imposed the enhanced sentence without affording him an opportunity to withdraw his plea. Accordingly, we vacate the sentence and remit the matter to Supreme Court to either impose the agreed-upon sentence or provide defendant with an opportunity to withdraw his guilty plea (see People v Hunter, 173 AD3d at 1252; People v Rushlow, 137 AD3d at 1484).
In view of the foregoing, we need not address defendant's remaining claims.
Garry, P.J., Clark, Mulvey and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: We note that such challenge is not precluded by defendant's waiver of the right to appeal (see People v Castro, 170 AD3d 1286, 1287 [2019], lv denied 33 NY3d 1029 [2019]; People v Hall, 78 AD3d 1328, 1328 [2010]).