People v King (2019 NY Slip Op 08729)





People v King


2019 NY Slip Op 08729


Decided on December 5, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 5, 2019

109096

[*1]The People of the State of New York, Respondent,
v
Thomas King Jr., Appellant.

Calendar Date: November 20, 2019

Before: Clark, J.P., Mulvey, Devine and Pritzker, JJ.


John B. Casey, Cohoes, for appellant.
Mary Pat Donnelly, District Attorney, Troy (Jacob B. Sher of counsel), for respondent.

Mary Pat Donnelly, District Attorney, Troy (Jacob B. Sher of counsel), for respondent.



Mulvey, J.
Appeal from a judgment of the County Court of Rensselaer County (Young, J.), rendered December 12, 2016, convicting defendant upon his plea of guilty of the crimes of aggravated unlicensed operation of a motor vehicle in the first degree and driving while intoxicated (two counts).
On October 9, 2015, defendant pleaded guilty to aggravated unlicensed operation of a motor vehicle in the first degree and driving while intoxicated (two counts) with the understanding that he would be sentenced to 90 days in jail and five years of probation. Sentencing was scheduled for December 7, 2015. On October 23, 2015, after having served the equivalent of his 90-day jail term, defendant appeared before County Court. Insofar as defendant was being released on his own recognizance prior to sentencing, County Court administered Parker warnings advising defendant that if he failed to appear at sentencing or was arrested for any reason between then and the sentencing date, he could be sentenced to 1&frac13; to 4 years in prison. Shortly after his release, defendant was arrested in Massachusetts and, on December 4, 2015, he was sentenced there to a prison term of 2½ years.
On December 12, 2016, defendant appeared before County Court for sentencing. County Court noted that defendant had been arrested in the interim and had failed to appear for sentencing on December 7, 2015. As a result, County Court sentenced defendant to an aggregate prison term of 1 to 3 years. Defendant appeals.
The People concede, and we agree, that since the Parker warnings were not imposed as conditions of the plea agreement on October 9, 2015, County Court could not impose a greater sentence than the one agreed upon as part of the plea agreement on a violation of the warnings (see People v Therrien, 301 AD2d 751, 752 [2003], lv denied 99 NY2d 633 [2003]). We have been informed that, while this appeal was pending, defendant was discharged from parole supervision on this conviction. As defendant's sentence is complete, his argument that the sentence imposed was harsh and excessive is moot (see People v Parker, 156 AD3d 1059, 1060 [2017]; People v Moore, 247 AD2d 228, 229 [1998], lv denied 91 NY2d 943 [1998]). Defendant also argues that he should have been provided an opportunity to withdraw his plea prior to the imposition of the enhanced sentence. In light of County Court's failure to administer Parker warnings as part of the plea proceeding, the court had an obligation to either impose the agreed-upon sentence or provide defendant with the opportunity to withdraw his plea before imposing an enhanced sentence (see People v Rushlow, 137 AD3d 1482, 1484 [2016]; People v Lewis, 98 AD3d 1186, 1186-1187 [2012]). In our view, the fact that defendant has served the imposed sentence during the pendency of this appeal does not render moot his claim of a failure to provide him an opportunity to withdraw his plea prior to the imposition of the sentence. Accordingly, we vacate the sentence and remit the matter to County Court for further proceedings (see People v Rushlow, 137 AD3d at 1484; People v Tole, 119 AD3d 982, 984 [2014]).
Clark, J.P., Devine and Pritzker, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.