People v Gordon (2026 NY Slip Op 01251)

People v Gordon

2026 NY Slip Op 01251

Decided on March 5, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 5, 2026

CR-24-1146
[*1]The People of the State of New York, Respondent,
vBrad Gordon, Appellant.

Calendar Date:February 6, 2026

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, Fisher and Mackey, JJ.

G. Scott Walling, Slingerlands, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.

Appeal from a judgment of the County Court of Washington County (Kelly McKeighan, J.), rendered October 2, 2023, convicting defendant upon his plea of guilty of the crime of falsely reporting an incident in the second degree.
On December 5, 2022, someone called 911 to falsely report that a home in the Town of Whitehall, Washington County was engulfed in flames. The ensuing investigation pointed to defendant as the caller, and he was charged in an indictment with two counts of falsely reporting an incident in the second degree. In satisfaction of the indictment and other pending charges, defendant agreed to plead guilty to one count of falsely reporting an incident in the second degree and waive his right to appeal. He entered that plea upon the understanding that he would be sentenced, as a second felony offender, to two years in prison, to be followed by five years of postrelease supervision. County Court provided an oral Parker admonishment at the conclusion of the plea proceeding and warned defendant that, if he failed to appear for a scheduled presentence investigation interview or got "into further trouble, some new legal difficulties" before sentencing, it would not be bound by its sentencing commitment and could sentence him to up to four years in prison.
Defendant failed to appear at sentencing, purportedly because he had undergone emergency surgery. County Court, which was skeptical of that claim given the lack of compelling documentation to show that the surgery had occurred and defendant's "difficulties or refusals to show up" for prior court appearances, issued a bench warrant and indicated that it would not be bound by its sentencing commitment if defendant failed to prove that the surgery had occurred. At the next appearance, defendant did not do so and refused to sign a release to allow defense counsel to obtain his medical records. County Court proceeded to sentencing and, rejecting defendant's unsubstantiated claims of confusion and coercion regarding his plea and his attempt to "fire[ ]" his assigned counsel, sentenced him to three years in prison, to be followed by five years of postrelease supervision. Defendant appeals.
Defendant solely argues that County Court erred in imposing an enhanced sentence. Although that argument is not precluded by defendant's unchallenged appeal waiver, it is unpreserved given his failure to move to withdraw his guilty plea upon that ground or object to the enhanced sentence (see People v Barnes, 177 AD3d 1168, 1169 [3d Dept 2019]; People v Rushlow, 137 AD3d 1482, 1483 [3d Dept 2016]). Notwithstanding that lack of preservation, the circumstances of this case persuade us to exercise our interest of justice jurisdiction and take corrective action.
"A sentencing court may not impose an enhanced sentence unless it has informed the defendant of specific conditions that the defendant must abide by or risk such enhancement, or give the defendant an opportunity to withdraw his or her plea before the enhanced [*2]sentence is imposed" (People v Tole, 119 AD3d 982, 984 [3d Dept 2014] [citations omitted]; accord People v Rushlow, 137 AD3d at 1483). As the People concede, County Court failed to "specifically inform [defendant] as part of the Parker admonishment that a consequence of failing to appear for sentencing was the imposition of a greater sentence" (People v Barnes, 177 AD3d at 1169). County Court therefore erred in imposing an enhanced sentence on that ground without first giving defendant an opportunity to withdraw his plea (see People v Tole, 119 AD3d at 984).[FN1] Thus, we vacate the sentence and remit for County Court "to either impose the agreed-upon sentence or provide defendant with an opportunity to withdraw his guilty plea" (People v Barnes, 177 AD3d at 1169).
Clark, J.P., Aarons, Reynolds Fitzgerald, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed; matter remitted to the County Court of Washington County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: The People suggest that County Court could have properly imposed an enhanced sentence because defendant had violated the Parker admonishment when he was charged with new offenses after he pleaded guilty. We need only note that County Court did not do so, depriving defendant of the "opportunity to respond" to which he was entitled and preventing "an inquiry of sufficient depth to assure [County Court] that the information upon which it base[d] the sentence [was] reliable and accurate" (People v Dibble, 222 AD3d 1110, 1111 [3d Dept 2023] [internal quotation marks and citations omitted]; see People v Outley, 80 NY2d 702, 712-713 [1993]).