■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BROWNING, Appellant. [844 NYS2d 405]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Braslow, J.), rendered August 16, 2004, convicting him of criminal sale of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the third degree (three counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the County Court improperly imposed a greater sentence than what had been promised is not preserved for appellate review as he neither objected to the sentence on that ground nor moved to vacate his plea (*see People v Claudio*, 64 NY2d 858, 858-859 [1985]; *People v Nicholson*, 31 AD3d 468, 469 [2006]; *People v Lebron*, 290 AD2d 565 [2002]; *People v Sessoms*, 287 AD2d 748 [2001]; *People v Howze*, 243 AD2d 652 [1997]). In any event, when the defendant failed to comply with a condition of his plea agreement, by failing to appear on the scheduled sentencing date, the court was free to impose an enhanced sentence, which the defendant was warned would probably happen (*see People v Figgins*, 87 NY2d 840, 841 [1995]; *People v Thomas*, 2 AD3d 758, 759 [2003]; *People v Thorpe*, 189 AD2d 903 [1993]). We note that the court actually imposed a lesser sentence than it had promised in the event that the defendant violated any conditions of his plea. Under these circumstances, the defendant cannot now be heard to complain (*see People v Kazepis*, 101 AD2d 816 [1984]).

Contrary to his additional contention on appeal, the defendant received the effective assistance of counsel, to the extent that the claim is reviewable on direct appeal (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). The defendant's attorney obtained grace periods prior to incarceration, and negotiated an advantageous plea agreement that substantially limited the defendant's

exposure to imprisonment (*see People v Reels*, 17 AD3d 488, 489 [2005]; *People v Torres*, 302 AD2d 481 [2003]; *People v Ladelokun*, 192 AD2d 723, 724 [1993]). Schmidt, J.P., Skelos, Lifson and Balkin, JJ., concur.