■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT R. BECKER, JR., Appellant. [914 NYS2d 383]—

Malone Jr., J. Appeals (1) from a judgment of the County Court of Delaware County (Cerio, Jr., J.), rendered May 14, 2009, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree (two counts), and (2) from a judgment of said court, rendered May 21, 2009, convicting defendant upon his plea of guilty of the crimes of rape in the third degree, endangering the welfare of a child and attempted sexual abuse in the second degree.

Defendant was charged in two indictments with a total of 13 counts, all arising from incidents of sexual contact that defendant had with four teenage girls and an incident of sexual intercourse with a fifth teenage girl. As part of a plea agreement, defendant pleaded guilty to one count of rape in the third degree, endangering the welfare of a child and attempted sexual abuse in the second degree in full satisfaction of the nine counts charged in the first indictment. In satisfaction of the second indictment, he pleaded guilty to two counts of sexual abuse in the first degree. Pursuant to the plea agreement, the sentence promised to defendant was a one-year jail term, with 10 years of probation, conditioned upon, as is relevant here, his cooperation with the Probation Department in preparing a presentence report. County Court advised defendant that his failure to abide by the conditions imposed could result in the court imposing an enhanced sentence. After the presentence report was completed, the People moved to void the plea agreement on the basis that

defendant had failed to cooperate with the Probation Department. Following a hearing, the court granted the People's motion. Defendant then unsuccessfully moved to withdraw his pleas and County Court subsequently sentenced him, upon the first indictment, to 10 years of probation for the rape count and one-year conditional discharges on the other two counts, and, on the second indictment, sentenced him to two concurrent terms of four years in prison, with 10 years of probation. Defendant appeals.

It is well established that the violation of an explicit and objective plea condition that was accepted by the defendant can result in the imposition of an enhanced sentence (see People v Hicks, 98 NY2d 185, 189 [2002]; People v Coffey, 77 AD3d 1202, 1203 [2010]; People v Blackwell, 62 AD3d 896, 897 [2009], lv denied 13 NY3d 742 [2009]). Here, the condition that defendant was found to have violated required him to "comply with the Probation Department, cooperate with them fully during the course of the pre-sentence investigation."[1] According to the People, defendant violated this condition by providing answers to the probation officer's questioning related to the events underlying his convictions—particularly with respect to the first degree sexual abuse charges—that were not consistent with the representations that defendant made at the time he entered his guilty pleas. However, County Court never explicitly required defendant to provide answers to the Probation Department that were in conformity with his responses during the plea allocutions (compare People v Hicks, 98 NY2d 185 [2002], supra; People v Coffey, 77 AD3d 1202 [2010], supra; People v Blackwell, 62 AD3d 896 [2009], supra; People v Faulkner, 54 AD3d 1134, 1135 [2008], lv denied 11 NY3d 854 [2008]; People v Terrell, 41 AD3d 1044, 1044-1045 [2007]), and only the failure to comply with explicit conditions can form the basis of a violation.[2]

Furthermore, the probation officer informed defendant at the outset of the interview that he "need[ed] to be honest and truthful as to what [his] side of the story [was]." Requesting defendant to tell "[his] side of the story" is not necessarily the same

---

1. This was the condition as stated by County Court at the time of his guilty plea in connection with the second indictment. As stated at the time of his guilty plea with respect to the first indictment, defendant was required to "cooperate with the Probation Department in preparing the pre-sentence investigation" report.

2. According to the probation officer, defendant did cooperate in the preparation of the presentence investigation report by, among other things, showing up for the interview on time and with all of the required documentation and answering all of her questions.

as requesting that he provide a "truthful" and objective statement of fact, however. Under these circumstances, in light of the fact that defendant was never explicitly informed that his responses to the Probation Department had to conform with his responses during his plea allocution in order to be considered "truthful" and satisfy the conditions of the plea agreement, the fact that he provided the probation officer with a characterization of the incidents that was different than what he said to County Court when he pleaded guilty does not necessarily prove that his responses to the probation officer were inherently untruthful or that he did not "comply" and "cooperate" with the Probation Department as required by the court.

Accordingly, we agree with defendant that the sentences should be vacated and the matter remitted to County Court to either impose the original agreed-upon sentences or give defendant an opportunity to withdraw his pleas before imposing the enhanced sentences (*see People v McDermott*, 68 AD3d 1453, 1454 [2009]).

Cardona, P.J., Mercure, Stein and Garry, JJ., concur. Ordered that the judgments are modified, on the law, by vacating the sentences imposed; matter remitted to the County Court of Delaware County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

