People v Zeldine (2014 NY Slip Op 07004)
People v Zeldine
2014 NY Slip Op 07004
Decided on October 15, 2014
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This opinion is uncorrected and subject to revision before publication in the Official Reports.
Decided on October 15, 2014SUPREME COURT OF THE STATE OF NEW YORKAppellate Division, Second Judicial Department
RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX, JJ.


2012-10163
 (Ind. No. 8422/12)

[*1]The People of the State of New York, respondent, 
v
Stanislav Zeldine, appellant.
Lynn W. L. Fahey, New York, N.Y., for appellant.
Kenneth P. Thompson, District Attorney, Brooklyn, N.Y. (Leonard Joblove, Seth M. Lieberman, and Michael Brenner of counsel; Gregory Musso on the brief), for respondent.
DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jeong, J.), rendered October 16, 2012, convicting him of robbery in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
The defendant pleaded guilty in exchange for the Supreme Court's promise that it would sentence him to the agreed-upon prison term of two to four years. A condition of the court's promise was that the defendant cooperate with the Department of Probation (hereinafter the DOP) in its preparation of the presentence report. The defendant appeared for his interview and apparently answered all of the questions asked, but he also denied his guilt, claiming that he pleaded guilty in order not to face a higher sentence. He did not, however, express any intention to withdraw his guilty plea. At sentencing, the court found the defendant's denial of guilt to be a violation of the cooperation condition. The court also indicated that the defendant's denial of guilt showed that the defendant was undeserving of the sentence that had been promised. The court then imposed a higher sentence without first giving the defendant an opportunity to ask to withdraw his guilty plea.
The defendant did not object to the imposition of an enhanced sentence. Accordingly, his claim that he did not violate the cooperation condition is not preserved for appellate review (see CPL 470.05[2]; People v Aliano, 116 AD3d 874, 875; People v Mercado, 101 AD3d 755, 755; People v Browning, 44 AD3d 1067, 1067; People v Godfrey, 33 AD3d 623, 624). Nevertheless, we vacate the sentence in the exercise of our interest of justice jurisdiction (CPL 470.15[6][a]). The defendant's denial of his guilt was not a violation of the condition that he cooperate with the DOP. Although a court is free to impose a condition that the defendant not deny his guilt when interviewed by the DOP, the Supreme Court did not impose that condition (cf. People v Bragg, 96 AD3d 1071, 1071-1072). Accordingly, it erred in imposing an enhanced sentence based on its conclusion that the defendant violated a condition of the guilty plea (see People v Becker, 80 AD3d 795, 796).
BALKIN, J.P., LEVENTHAL, CHAMBERS and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court