■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH PIANAFORTE, Appellant. [5 NYS3d 281]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jeong, J.), rendered December 27, 2012, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.

The defendant's purported waiver of his right to appeal was invalid (*see People v Bradshaw*, 18 NY3d 257, 265 [2011]; *People v DeSimone*, 80 NY2d 273, 283 [1992]) and, in any event, does not extend to the imposition of an enhanced sentence (*see People v Muhammad*, 47 AD3d 951, 952 [2008]). Thus, it does not preclude review of his excessive sentence claim.

The defendant pleaded guilty to burglary in the third degree in exchange for the Supreme Court's promise that it would sentence him to the agreed-upon indeterminate prison term of 2 to 4 years (*see* Penal Law § 70.06 [4] [b]; [3] [d]). As a condition of the court's promised sentence, the defendant agreed (1) to cooperate with the Department of Probation (hereinafter the DOP), (2) to appear on any scheduled court dates, and (3) to remain arrest free. The defendant appeared for his interview with the DOP and answered all of the questions asked, but in doing so, he also denied his guilt. However, he did not express any intention to withdraw his plea of guilty. At sentencing, the defendant contended that he did not deny his guilt to the DOP. Nonetheless, the court found that the defendant violated the "cooperation" condition by lying to the DOP. The court then imposed an enhanced sentence without first giving the defendant an opportunity to ask to withdraw his plea of guilty.

Although the violation of an explicit and objective plea condition that was accepted by the defendant can result in the imposition of an enhanced sentence (*see People v Hicks*, 98 NY2d 185, 189 [2002]; *People v Becker*, 80 AD3d 795, 796 [2011]; *People v Coffey*, 77 AD3d 1202, 1203 [2010]), here, the defendant's denial of his guilt to the DOP was not a violation of the condition that he cooperate with the DOP (*see People v Zeldine*, 121 AD3d 928 [2014]). While a court is free to impose a condition requiring a defendant not to deny his or her guilt when interviewed by the DOP, the Supreme Court in the

instant matter did not impose such a condition (*see People v Zeldine*, 121 AD3d 928, 928 [2014]). Accordingly, it erred in imposing an enhanced sentence based on its conclusion that the defendant violated a condition of the plea of guilty (*see People v Zeldine*, 121 AD3d 928 [2014]; *People v Becker*, 80 AD3d 795 [2011]).

Accordingly, we vacate the sentence imposed, and remit the matter to the Supreme Court, Kings County, to allow the Supreme Court to impose the sentence promised to the defendant at the time of his plea. Eng, P.J., Dillon, Leventhal, Cohen and Maltese, JJ., concur.