■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANAIS GARCIA, Appellant. [10 NYS3d 903]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (LaPorte, J., at plea; Sciarrino, Jr., J., at sentence), rendered September 15, 2014, convicting her of attempted arson in the third degree, upon her plea of guilty, and sentencing her to a term of 1 to 3 years of imprisonment.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.

The defendant pleaded guilty in exchange for the Supreme Court's promise that it would sentence her to an agreed-upon term of incarceration of one year. There were no conditions attached to the plea agreement other than the court's directive to the defendant that "you have to do a report through the Department of Probation." It is undisputed that the defendant cooperated with the Department of Probation and that a presentence report was issued. At sentencing, however, the court stated that "[o]ne of the conditions of [the plea] promise was cooperation with treatment which, apparently, was not forthcoming." The court then denied the defendant's application to withdraw her plea and sentenced her to a term of 1 to 3 years of imprisonment. This was error.

As the People correctly concede, the defendant should not have received an enhanced sentence since there was no "treatment" condition attached to her plea, and there was no proof that she had otherwise violated the plea agreement (*see People v Zeldine*, 121 AD3d 928, 929 [2014]; *People v Becker*, 80 AD3d 795, 796 [2011]). Accordingly, we vacate the sentence imposed and remit the matter to the Supreme Court, Kings County, for the purpose of imposing the originally promised sentence of one year of incarceration (*see People v Pianaforte*, 126 AD3d 815 [2015]; *People v Zeldine*, 121 AD3d at 929).

In light of our conclusion herein, the defendant's remaining contention has been rendered academic. Skelos, J.P., Hall, Austin and Sgroi, JJ., concur.