■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANIBAL CARRASQUILLO, Appellant. [19 NYS3d 333]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sciarrino, Jr., J.), rendered April 23, 2014, convicting him of attempted robbery in the third degree, upon his plea of guilty, and sentencing him to an indeterminate term of imprisonment of 2 to 4 years.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed;

as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.

The defendant pleaded guilty to attempted robbery in the third degree in exchange for the Supreme Court's promise that it would sentence him to the agreed-upon indeterminate term of imprisonment of 1½ to 3 years. As a condition of the court's promised sentence, the defendant agreed, inter alia, to cooperate with the Department of Probation (hereinafter the DOP). The defendant appeared for his interview with the DOP and answered all of the questions asked, but in his answers he denied his guilt. The defendant did not, however, express any intention to withdraw his guilty plea. At sentencing, the court found the defendant's denial of guilt to be a violation of the condition that he cooperate with the DOP, and imposed an enhanced sentence.

The defendant's challenge to the imposition of an enhanced sentence is unpreserved for appellate review, since he did not object to the sentence or move to withdraw his plea on that basis (*see* CPL 470.05 [2]; *People v Zeldine*, 121 AD3d 928, 929 [2014]; *People v Scoca*, 38 AD3d 801 [2007]; *People v Godfrey*, 33 AD3d 623 [2006]). However, we consider the matter in the exercise of our interest of justice jurisdiction. As the People correctly concede, the defendant's denial of his guilt to the DOP was not a violation of the condition that he cooperate with the DOP (*see People v Pianaforte*, 126 AD3d 815, 816 [2015]; *People v Zeldine*, 121 AD3d at 929). While a court is free to impose a condition requiring a defendant not to deny his or her guilt when interviewed by the DOP, the Supreme Court did not impose such a condition here (*see People v Pianaforte*, 126 AD3d at 816; *People v Zeldine*, 121 AD3d at 929). Thus, the court erred in imposing an enhanced sentence based on its conclusion that the defendant violated a condition of the negotiated plea agreement (*see People v Pianaforte*, 126 AD3d at 816; *People v Zeldine*, 121 AD3d at 929).

Accordingly, we vacate the sentence imposed, and remit the matter to the Supreme Court, Kings County, for the purpose of imposing the originally promised indeterminate term of imprisonment of 1½ to 3 years. Rivera, J.P., Dickerson, LaSalle and Barros, JJ., concur.