■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MARTIN, Appellant. [53 NYS3d 557]—

Appeal by the defendant from a judgment of the County Court, Orange County (Rosenwasser, J., at plea; Freehill, J., at sentence), rendered October 27, 2015, convicting him of operating a motor vehicle while under the influence of alcohol as a felony, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

In 2003, the defendant entered into a plea agreement and pleaded guilty to one count of operating a motor vehicle while under the influence of alcohol as a felony. When he failed to appear on his sentencing date, a bench warrant was issued for his arrest. The defendant was ultimately sentenced in 2015. When he was sentenced, the County Court imposed a sentence that was greater than the one it had promised in connection with the plea agreement. On appeal, the defendant contends that the court erred in imposing a greater sentence than it had originally promised since the transcript of the plea proceeding is no longer available and the record therefore fails to demonstrate that his appearance on the scheduled sentencing date was a condition of the plea agreement.

The defendant's contention that the County Court improperly imposed a greater sentence than it had promised is not preserved for appellate review, as he neither objected to the sentence on that ground nor moved to vacate his plea (*see People v Carrasquillo*, 133 AD3d 774, 774 [2015]; *People v Aliano*, 116 AD3d 874, 875 [2014]; *People v Scoca*, 38 AD3d 801, 801 [2007]; *People v Delatorre*, 306 AD2d 419, 419 [2003]). The defendant's attorney actually conceded at the sentencing proceeding that the defendant violated the terms of the plea agreement when he failed to appear on the scheduled sentencing date (*cf. People v Figgins*, 87 NY2d 840, 841 [1995]; *People v Grant*, 122 AD3d 767, 767 [2014]; *People v Delatorre*, 306 AD2d at 419-420). Furthermore, the defendant's failure to raise his current contention before the County Court deprived both the People and the court of the opportunity to address and remedy the alleged shortcoming in the record (*cf. People v Parris*, 4 NY3d 41 [2004]). Under the circumstances, we decline to review the defendant's contention in the exercise of our interest of justice jurisdiction (*see generally People v Chatman*, 14

AD3d 620, 620 [2005]; *People v Brooks*, 217 AD2d 492, 492 [1995]; *People v Prescott*, 191 AD2d 521 [1993]). Chambers, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.