People v Andre (2019 NY Slip Op 00136)





People v Andre


2019 NY Slip Op 00136


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2014-05496
2014-05497
2014-05498

[*1]The People of the State of New York, respondent,
v
Billy Andre, appellant. (Ind. Nos. 7932/12, 8737/12, 7089/13)


Paul Skip Laisure, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Masha Simonova on the brief), for respondent.



DECISION & ORDER
Appeals by the defendant from three judgments of the Supreme Court, Kings County (Martin P. Murphy, J.), all rendered May 12, 2014, convicting him of burglary in the second degree under Indictment No. 7932/12, attempted burglary in the second degree under Indictment No. 8737/12, and grand larceny in the fourth degree under Indictment No. 7089/13, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are modified, as a matter of discretion in the interest of justice, by vacating the sentences imposed; as so modified, the judgments are affirmed, and the matters are remitted to the Supreme Court, Kings County, for resentencing.
The defendant entered pleas of guilty under three separate indictments. He was promised that the sentences imposed would run concurrently. The defendant did not appear in court on the scheduled sentencing date. Subsequently, in rendering the judgments of conviction, the Supreme Court directed, inter alia, the sentence imposed on the second judgment to run consecutively to the sentence imposed on the first judgment. The defendant appeals from the judgments of conviction.
The defendant's challenge to the imposition of enhanced sentences is unpreserved for appellate review because he did not object to the imposition of the enhanced sentences or move to withdraw his pleas on this ground (see People v Martin, 151 AD3d 753, 753; People v Carrasquillo, 133 AD3d 774, 775; People v Zeldine, 121 AD3d 928, 929; People v Williams, 120 AD3d 721, 722; People v Aliano, 116 AD3d 874, 875; People v Browning, 44 AD3d 1067, 1067; People v Scoca, 38 AD3d 801, 801). However, under the particular circumstances present here, we exercise our interest of justice jurisdiction to vacate the sentences. Since the record does not establish that the Supreme Court imposed as a condition on the pleas and sentencing commitments that the defendant return on the scheduled sentencing date, the court should not have imposed enhanced sentences based on the defendant's violation of this purported condition (see People v Carrasquillo, 133 AD3d at 775; People v Curcio, 276 AD2d 639, 639; People v Outlaw, 157 AD2d 677, 677; see also People v Annunziata, 105 AD2d 709, 709). To the extent that the court also based its imposition of [*2]enhanced sentences on the defendant having violated certain other purported conditions, it likewise erred, since it had not imposed these conditions on the pleas and sentencing commitments.
The defendant's remaining contention has been rendered academic in view of the foregoing.
SCHEINKMAN, P.J., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court