People v Perkins (2019 NY Slip Op 01241)





People v Perkins


2019 NY Slip Op 01241


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX, JJ.


2016-12886
 (Ind. No. 15-0284)

[*1]The People of the State of New York, respondent,
v
Clifford Perkins, appellant.


Anthony M. Giordano, Ossining, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Christine DiSalvo and Steven A. Bender of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Robert A. Neary, J.), rendered October 14, 2016, convicting him of criminally negligent homicide, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant pleaded guilty in exchange for a promised sentence of six months of "shock" incarceration followed by five years of probation. At the plea proceeding, the defendant was advised that if he failed to appear for sentencing or was rearrested, he could receive an enhanced sentence. The defendant failed to appear on the scheduled sentencing date, and a bench warrant was issued for his arrest. Following the defendant's violation of the plea agreement, the sentencing court imposed an enhanced sentence.
The defendant's contention that the County Court erred in imposing a sentence greater than that which had been promised is unpreserved for appellate review, as the defendant neither objected to the sentence on that ground nor moved to vacate his plea (see CPL 470.05[2]; People v Martin, 151 AD3d 753; People v Carrasquillo, 133 AD3d 774, 775; People v Browning, 44 AD3d 1067). In any event, the defendant's contention is without merit, as the defendant was advised of the maximum sentence that could be imposed upon his failure to comply with the conditions of his plea agreement (see People v Grant, 122 AD3d 767; People v Browning, 44 AD3d at 1067). Moreover, the defendant's waiver of the right to appeal, the validity of which the defendant does not challenge, precludes appellate review of his contention that the enhanced sentence was excessive (see People v Sanchez, 122 AD3d 778, 779).
BALKIN, J.P., CHAMBERS, ROMAN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court