People v Volpe (2024 NY Slip Op 01825)

People v Volpe

2024 NY Slip Op 01825

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2022-09018

[*1]The People of the State of New York, respondent,
v
Chad Volpe, appellant. (S.C.I. No. 137/22)

Larkin Ingrassia, LLP, Newburgh, NY (John Ingrassia of counsel), for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Andrew R. Kass of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County, (William L. DeProspo, J.), rendered October 27, 2022, upon his plea of guilty, convicting him of attempted coercion in the first degree, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Orange County, for further proceedings in accordance herewith.
On April 22, 2022, in full satisfaction of charges in a consolidated indictment and superior court information, the defendant pleaded guilty to attempted coercion in the first degree (Penal Law §§ 110.00, 135.65[1]), a class E felony, and waived his right to appeal. In exchange for his plea of guilty, the County Court agreed to impose a particular sentence upon the defendant. As a condition thereof, the court required that the defendant "cooperate" with the Department of Probation (hereinafter DOP) by, among other things, "being truthful . . . about the facts and circumstances of this case." A probation officer affiliated with the DOP thereafter interviewed the defendant. Following an Outley hearing (see People v Outley, 80 NY2d 702), the court determined that the defendant had not been truthful during his interview with the probation officer and imposed an enhanced sentence. The defendant appeals.
As an initial matter, the defendant's contention that the County Court improperly determined that an enhanced sentence was warranted "is not precluded by his waiver of the right to appeal" (People v Holland, 218 AD3d 490, 490). Moreover, the defendant preserved his challenge to the imposition of the enhanced sentence, since "defense counsel . . . 'made his position with respect to the ruling . . . known to the court'" (People v Martinez, 202 AD3d 828, 832, quoting CPL 470.05[2]; see People v Jones, 164 AD3d 1363, 1364; People v Zeldine, 121 AD3d 928, 929).
"Conditions imposed as part of a plea arrangement are valid if the parties agree to them and they do not violate any statute or contravene public policy" (People v Takie, 172 AD3d 1249, 1250 [internal quotation marks omitted]). "A court is free to impose a condition as part of a plea arrangement requiring that a defendant cooperate with the [DOP] by, among other things, truthfully answering questions and not denying guilt during a probation department interview. The violation of an explicit and objective plea condition that was accepted by the defendant can result [*2]in the imposition of an enhanced sentence" (People v Ramirez, 175 AD3d 569, 570 [alterations, citations, and internal quotation marks omitted]; see People v Foster, 153 AD3d 1429, 1429). "A sentencing court faced with an allegation that a defendant violated a condition of a plea agreement must conduct an inquiry sufficient to satisfy itself that there is a legitimate basis for such a finding" (People v Mays, 181 AD3d 874, 875; see People v Zobe, 82 AD3d 1017, 1019). "In order to comply with due process, the sentencing court must assure itself that the information upon which it bases" such finding "is reliable and accurate" (People v Rodas, 131 AD3d 1181, 1182 [internal quotation marks omitted]), since a defendant "may not be sentenced on the basis of materially untrue assumptions or misinformation" (People v Naranjo, 89 NY2d 1047, 1049 [internal quotation marks omitted]; see People v Barnes, 60 AD3d 861, 864).
Contrary to the County Court's determination, the record does not demonstrate that the defendant was untruthful during his interview with the probation officer. Although the presentence report (hereinafter PSR) stated that "the defendant [had] denied committing the offense that [he] admitted to while under oath," the probation officer who had interviewed the defendant testified at the Outley hearing that she did not write that statement. The probation officer testified that her supervisor, who did not interview the defendant, included that language in the PSR based upon information that the probation officer had provided to the supervisor. However, the probation officer's testimony demonstrated that she never questioned the defendant about the specific charge to which he pleaded guilty, and the probation officer instead indicated that she had questioned the defendant generally about his arrest and the resulting charges. Since the probation officer's testimony did not establish that the defendant had denied engaging in the acts underlying his plea of guilty to attempted coercion in the first degree, and since the defendant's purported statement to the probation officer that he "didn't do anything" was consistent with his contention that he had denied committing the charged crimes to which he did not plead guilty, the court improperly concluded that the defendant had not been truthful during his interview (see People v Owensford, 209 AD3d 766, 769-770; People v Martinez, 202 AD3d at 833; People v Powell, 55 AD3d 632, 634). Therefore, "the court erred in imposing an enhanced sentence based on its conclusion that the defendant violated a condition of the negotiated plea agreement" (People v Martinez, 202 AD3d at 833 [internal quotation marks omitted]).
Accordingly, we vacate the sentence imposed and remit the matter to the County Court, Orange County, for the purpose of imposing the disposition promised to the defendant at the time of his plea (see id.; People v Carrasquillo, 133 AD3d 774, 775; People v Pianaforte, 126 AD3d 815, 816-817).
In light of our determination, we need not reach the parties' remaining contentions.
BARROS, J.P., MILLER, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court