People v Berger (2026 NY Slip Op 01210)

People v Berger

2026 NY Slip Op 01210

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-07473

[*1]The People of the State of New York, respondent,
vRobert Berger, appellant. (S.C.I. No. 72183/23)

Martha Krisel, New York, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Michael J. Balch and Jason R. Richards of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County, (Teresa K. Corrigan, J.), rendered July 8, 2024, convicting him of attempted criminal possession of stolen property in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
In September 2023, the defendant pleaded guilty to attempted criminal possession of stolen property in the second degree (Penal Law §§ 110.00, 165.52) in exchange for a promised sentence. As a condition of the plea, the County Court required the defendant to appear on the date of his sentencing. Based on the defendant's failure to appear for sentencing in December 2023, the court determined that the defendant had violated the terms of his plea agreement and imposed an enhanced sentence. The defendant appeals.
Contrary to the People's contention, the defendant preserved his challenge to the imposition of the enhanced sentence, since defense counsel "'made his position with respect to the ruling . . . known to the court'" (People v Martinez, 202 AD3d 828, 832, quoting CPL 470.05[2]).
"'Conditions imposed as part of a plea arrangement are valid if the parties agree to them and they do not violate any statute or contravene public policy'" (People v Volpe, 226 AD3d 708, 709, quoting People v Takie, 172 AD3d 1249, 1250). "Furthermore, '[i]t is well established that the violation of an explicit and objective plea condition that was accepted by the defendant can result in the imposition of an enhanced sentence'" (People v Martinez, 202 AD3d at 832, quoting People v Becker, 80 AD3d 795, 796). "[F]ailure to appear on a scheduled sentencing date in violation of a plea agreement may constitute a basis to impose an enhanced sentence" (People v Smith, 160 AD3d 664, 665). However, "[d]ue process requires that before imposing an enhanced sentence, the court conduct an inquiry sufficient for it to determine that the defendant indeed violated the plea condition" (People v Murdock, 175 AD3d 1560, 1561).
Contrary to the defendant's contention, the County Court's inquiry was sufficient to determine that the defendant had violated a condition of his plea agreement by failing to appear for sentencing (see People v Martinez, 235 AD3d 901, 902).
Accordingly, the County Court providently exercised its discretion in imposing the enhanced sentence (see People v Hicks, 98 NY2d 185, 189).
BRATHWAITE NELSON, J.P., CHRISTOPHER, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court